IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR R. ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD J. MORELLO,<br><br>Defendant. | 8:23CV94<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Plaintiff's Motion to Remand (Filing No. 6) and Defendant's Motion to Strike (Filing No. 14). As explained below, the undersigned recommends that the motions be denied.

## BACKGROUND

Plaintiff filed this action in the District Court of Douglas County, Nebraska on February 14, 2023, alleging he acquired title to a portion of real estate by way of adverse possession. (Filing No. 1.) Plaintiff maintains he is not seeking monetary damages. (Filing No. 7.) Defendant removed this case from state court on March 17, 2023 based on diversity jurisdiction under 28 U.S.C. § 1332. (Filing No. 1.) Plaintiff now seeks to remand this action back to state court. Plaintiff did not request oral argument on the motion. (Filing No. 7.)

## DISCUSSION

A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over cases that meet the standards for diversity

jurisdiction. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). "[D]oubts about federal jurisdiction are resolved in favor of remand." Kearney Area AG Producers Alliance v. Delta-T Corp., No. 8:02CV56, 2003 WL 431609, *1 (D. Neb. Feb. 24, 2003).

In a suit for declaratory or injunctive relief, "the amount in controversy is the value to the plaintiff of the right that is in issue." Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1018-19 (8th Cir. 2010). While this principle is often referred to as the "plaintiff's viewpoint rule," this does not mean that the plaintiff's view of what the asserted right is worth is controlling. Id. at 1019. Rather, "[t]he question is the actual value of the object of the suit." Id. "[I]n deciding the jurisdictional question, a district court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact." Id.

Where the defendant seeks to invoke federal jurisdiction through removal, "it bears the burden of proving that the jurisdictional threshold is satisfied." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Id. "To meet this legal certainty standard, the plaintiff must show that the jurisdictional amount could not be recovered as a matter of law or that no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." Turntine v. Peterson, 959 F.3d 873, 881 (8th Cir. 2020) (quotation omitted).

The parties do not dispute that they have diverse citizenship. However, Plaintiff argues this matter should be remanded because Defendant cannot meet the $75,000 amount in controversy requirement. The parties submitted conflicting evidence regarding the value of the property subject to Plaintiff's adverse possession claim. Defendant submitted an appraisal from Nebraska General Certified Appraiser Jerald Lewis, who determined the fair market value of the property to be $80,000. (Filing No. 12-2.) Along with his Motion to Remand, Plaintiff submitted an appraisal performed by Certified Residential Real Property Appraiser Brian Mahnke, who valued the

property at $50,000. (Filing No. 6-1.) Plaintiff later submitted a supplemental index of evidence and letter brief, which attached an appraisal by independent appraiser, Bill Lange. (Filing No. 13-2.) Mr. Lange valued the property at $30,000. (Filing No. 13-2.) Plaintiff maintains the second appraisal focused on the property being designated as within a floodway in addition to being within a floodplain. (Filing No. 13-3.) Plaintiff contends this negatively impacts the value of the land to be used agriculturally. (Filing No. 13-3.)

Having reviewed the matter, the undersigned finds Defendant has shown by a preponderance of the evidence that the jurisdictional minimum is satisfied. Importantly, under the preponderance standard, "[t]he jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Bell*, 557 F.3d at 956 (quotation omitted). Defendant submitted a detailed appraisal by a certified appraiser that included eleven comparable sales to support the $80,000 valuation. (Filing No. 12-2.) While Plaintiff also submitted appraisals, it is worth noting that Mr. Mahnke, who performed Plaintiff's first appraisal, did not enter the property, or inspect the structure on site. (Filing No. 6-1.) Additionally, Plaintiff's second appraisal valued the property $20,000 less than Mr. Mahnke's valuation. This inconsistency in Plaintiff's own evidence underscores the point that a reasonable fact finder might conclude that the property value is greater than $75,000.

Defendant has moved to strike Plaintiff's supplemental index of evidence and letter brief. (Filing No. 13; Filing No. 13-1; Filing No. 13-2; Filing No. 13-3; Filing No. 14.) Because the undersigned will recommend that the Motion to Remand be denied, the undersigned will recommend that Defendant's Motion to Strike be denied.

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian Buescher that Plaintiff's Motion to Remand (Filing No. 6) be denied. It is further recommended that Defendant's Motion to Strike (Filing No. 14) be denied.

Dated this 29th day of November, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.