IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR R. ALLEN, | **8:23CV94** |
| Plaintiff, | |
| vs. | **ORDER ACCEPTING FINDINGS AND RECOMMENDATION REGARDING MOTION TO REMAND AND MOTION TO STRIKE** |
| BERNARD J. MORELLO, | |
| Defendant. | |

This case is before the Court on the November 29, 2023, Findings and Recommendation, Filing 15, by United States Magistrate Judge Susan M. Bazis recommending that plaintiff Allen's Motion to Remand, Filing 6, be denied, and that defendant Morello's Motion to Strike, Filing 14, be denied. Plaintiff Allen filed an Objection, Filing 16, to the denial of his Motion to Remand, but neither party opposed Judge Bazis's denial of defendant Morello's Motion to Strike. For the reasons below, the Court accepts the November 29, 2023, Findings and Recommendation, Filing 15, in its entirety.

## I.  BACKGROUND

Defendant Morello is the record owner of property in Douglas County, Nebraska, to which plaintiff Allen claims entitlement under a theory of adverse possession. Filing 1-1 at 2–3 (¶¶ 16–25). Allen sued Morello in the District Court of Douglas County, Nebraska, on February 13, 2023, seeking a declaration that Allen is the lawful owner and to quiet title. Filing 1-1 at 3. On March 17, 2023, defendant Morello filed a Notice of Removal with the Court, contending that "[t]his is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." Filing 1 at 2 (¶ 4).

On April 17, 2023, Allen filed a Motion to Remand, Filing 6, and included an appraisal of the property at a value of $50,000. Filing 6-1; Filing 6-2. On August 30, 2023, Morello included with his brief opposing remand an appraisal valuing the property at $80,000. Filing 12-2; Filing 12-3. Later, on September 11, 2023, Allen filed another appraisal valuing the property at $30,000. Filing 13-1; Filing 13-2; Filing 13-3. Morello filed a Motion to Strike this evidence on September 13, 2023. Filing 14. On November 29, 2023, Judge Bazis made Findings and Recommendation that both Motions be denied. Filing 15. Allen filed an Objection to the Findings and Recommendation on December 13, 2023. Filing 16.[1]

## II.  ANALYSIS

### A.  Applicable Standards

*1.    Review of Findings and Recommendations Where Objections Have Been Made*

28 U.S.C. § 636(b)(1) governs the different standards of review when a party objects to a pretrial decision or a proposed findings of fact and recommendations by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord United States v. Azure*, 539 F.3d 904, 909 (8th Cir. 2008) ("[U]pon an objection to a magistrate judge's proposed findings and recommendations . . . a district court must undertake de novo review."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

---

[1] Confusingly, in his Objection to the Findings and Recommendation, despite his other two valuations, Allen stated that the value of the property was $8,259.30. Filing 16 at 1.

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . ."). When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See Azure*, 539 F.3d at 910–11.

2.    *Review of Findings and Recommendations Where Objections Have Not Been Made*

Unlike findings and recommendation on a dispositive matter to which timely objections have been made, no applicable statute, rule, or case law requires the Court to conduct a *de novo* review of a magistrate judge's findings and recommendation when no objections are filed. *See 28 U.S.C. § 636(b)(1)* ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Fed. R. Civ. P. 72(b)(3)* ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of

review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review the Findings and Recommendation on such a matter at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error").

## B. Application

### 1. The Court Accepts the Findings and Recommendation to Deny the Motion to Remand Despite Plaintiff's Opposition

In his challenge to Judge Bazis's recommendation that the Motion to Remand be denied, Allen principally objects to Judge Bazis's Finding that the Complaint states a claim for an amount that exceeds the $75,000 jurisdictional threshold for diversity of citizenship jurisdiction. *See* Filing 16. The gravamen of Allen's objection is as follows:

> The Court must find by the preponderance of the evidence that the amount in controversy is over the $75,000.00 threshold. "When a Plaintiff does not seek monetary damages, courts are to measure the amounts in controversy by the value to the plaintiff of the right that is in issue. This is known as the plaintiff's viewpoint rule. The defendant must satisfy its burden to prove the amount in controversy by preponderance of the evidence." *Muscatine-Louisa Drainage Dist. No. 13 v. Dakota, Minn. & E. R.R. Corp.*, 636 F. Supp. 3d 962 (S.D. Iowa 2022). The Order states "the inconsistency in Plaintiff's own evidence underscores the point that a reasonable fact finder might conclude that the property value is greater than $75,000.00." (Filing No. 15). This logic is pure speculation by the Magistrate Judge and is actively engaging in speculation in favor of the Defendant. Plaintiff's appraisals are done by two certified appraisers, and both appraisals are well below the threshold.

Filing 16 at 2 (¶ 9). Judge Bazis applied the above-mentioned "plaintiff's viewpoint rule." Filing 15 at 2 ("In a suit for declaratory or injunctive relief, 'the amount in controversy is the value to the plaintiff of the right that is in issue.' . . . [T]his principle is often referred to as the "plaintiff's viewpoint rule[.]" (citing *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010))). She also recognized that defendant Morello as the proponent of jurisdiction held the burden of showing

4

by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* Filing 15 at 2 ("The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." (citing *Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009)))). Thus, plaintiff Allen's objection is not about the applicable standards, but rather about how Judge Bazis weighed the evidence. The Court considers *de novo* whether defendant Morello showed by a preponderance of the evidence that plaintiff Allen's case is worth more than $75,000, making federal diversity jurisdiction proper. 28 U.S.C. § 636(b)(1). The Court determines that such jurisdiction is appropriate.

At issue here is property originally belonging to defendant Morello to which plaintiff Allen claims entitlement under a theory of adverse possession. Filing 1-1 at 2–3 (¶¶ 16–25). Both parties have filed appraisals: the appraisal submitted by Morello, who wants federal jurisdiction over his case, exceeds $75,000, Filing 12-3, but the appraisals submitted by Allen, who wants remand to state court, values the property well below $75,000, Filing 6-2, Filing 13-2.

The Eighth Circuit has explained that the standard for determining whether the amount in controversy exceeds the jurisdictional threshold is "the preponderance standard." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009). In addition, "[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* (emphasis and ellipses in original). Here, there is conflicting evidence regarding the valuation of the property, with both parties having submitted detailed appraisals. The Court has no issue concluding that a jury "might reasonably conclude that" the value of the disputed property is "greater than the requisite amount." *Id.* (emphasis omitted). Therefore, the Court has jurisdiction under 28 U.S.C. § 1332(a)(1), making Morello's removal proper. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Accordingly, Allen's Motion to Remand, Filing 6, is denied.

> 2.  *The Court Accepts the Unopposed Findings and Recommendation to Deny the Motion to Strike*

The Court finds no clear error in Judge Bazis's Findings and Recommendation with regard to denying the Motion to Strike, Filing 14. Morello's Motion to Strike, Filing 13, was directed at Allen's index supporting his Motion to Remand, Filing 6, which the Court now denies, making the Motion to Strike moot.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that

1.  the November 29, 2023, Findings and Recommendation by United States Magistrate Judge Susan M. Bazis, Filing 15, is accepted in its entirety;

2.  Plaintiff's Motion to Remand, Filing 6, is denied; and

3.  Defendant's Motion to Strike, Filing 14, is denied.

Dated this 16th day of January, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

6